# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **ARIEL BROWN-WICKS** | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No.: GJH-18-2576 |
| | * |
| **PPE CASINO RESORT MARYLAND, LLC** | * |
| d/b/a Maryland Live! Casino | * |
| Defendant, | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is a pregnancy and disability discrimination claim brought by Plaintiff Ariel Brown-Wicks against Defendant PPE Casino Resort Maryland, LLC d/b/a Maryland Live! Casino pursuant to the Americans with Disabilities Act ("ADA"). Defendant has filed a Partial Motion to Dismiss, claiming that Plaintiff's disability claim is barred by her failure to exhaust her administrative remedies. ECF No. 8. Defendant's Motion alleges a lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). However, subsequent to the parties' briefing in this case, the United States Supreme Court decided *Fort Bend Cty, Tex. v. Davis*, 139 S.Ct. 1843, 1850 (2019), in which it held that the bar on consideration of a claim that has not been filed with the EEOC is a nonjurisdictional claim-processing rule. While the Court's disposition of *Fort Bend* has no bearing upon the outcome of this case, it suggests that the matter is better construed as a Partial Motion to Dismiss pursuant to 12(b)(6). No hearing is necessary. Loc. R. 105.6. (D. Md. 2016). For the reasons stated below, Defendant's Partial Motion to Dismiss is DENIED.

## I. BACKGROUND[1]

Plaintiff was employed as a Table Games Dealer by Defendant beginning in 2014, and she became pregnant in 2016. ECF No. 1 ¶¶ 20-22. During her first trimester, Plaintiff began suffering from morning sickness, experiencing constant nausea and vomiting for approximately four hours a day. *Id.* ¶¶ 23-24, 33. Plaintiff's morning sickness was sufficiently severe that she was prescribed medication to alleviate her symptoms by her medical provider, whom she saw more than twice related to her illness. *Id.* ¶ 25. Plaintiff's morning sickness substantially impacted her eating, working, and the functioning of her digestive system. *Id.* ¶ 27.

In or around April 2016, Defendant assigned Plaintiff to the 4am to 12pm shift. *Id.* ¶ 30. On April 22, 2016, Plaintiff disclosed her pregnancy during a meeting with her direct shift supervisor and her shift manager. *Id.* ¶¶ 31-32. At that meeting, Plaintiff also disclosed that she had developed severe morning sickness in the form of severe nausea and vomiting, and informed her coworkers that her absences were due to the morning sickness. *Id.* ¶ 34. After that meeting, Plaintiff requested minor scheduling adjustments to accommodate her pregnancy and morning sickness, but Defendant did not respond. *Id.* ¶¶ 39-40. Plaintiff also expressed her intent to use FMLA leave, but on April 29, 2016, she was terminated. *Id.* ¶¶ 41-42. Plaintiff brought a charge of pregnancy discrimination and retaliation with the U.S. Equal Employment Opportunity ("EEOC") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") on or around August 23, 2016. *Id.* ¶ 8. On her Charge, Plaintiff checked the box for "Sex" discrimination, but not the box for "Disability" discrimination. ECF No. 8-2 at 2.[2]

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

## III. DISCUSSION

The ADA requires that plaintiffs exhaust their administrative remedies by filing a charge with the EEOC before filing suit in federal court. *See Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012). This requirement serves the purpose of placing "the employer on notice of the alleged violations" such that it can have the opportunity "to address the alleged discrimination prior to litigation." *Id*. A federal court may only "consider those allegations included in the

EEOC charge." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013). Therefore, only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in the Title VII lawsuit. *Chacko v. Patuxent Inst.*, 429 F.3d 505,506 (4th Cir. 2005).

But this exhaustion requirement "should not become a tripwire for hapless plaintiffs." *Sydnor*, 681 F.3d at 594. "EEOC charges must be construed with the utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Alvarado v. Bd. of Trs. of Montgomery Cty. Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988). Therefore, the central question is whether "the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation." *Chacko*, 429 F.3d at 509.

Defendant contends that because Plaintiff did not check the box for "Disability," and did not specifically use the phrase "reasonable accommodation," she failed to sufficiently exhaust her remedies as to her ADA claim. Plaintiff's EEOC Charge alleges that she informed Defendant of her pregnancy, became ill with severe morning sickness and took time off due to this pregnancy-related sickness. She also alleged that she informed Defendant of her need for minor schedule adjustments due to her pregnancy-related sickness. These claims are both "reasonably related" to Plaintiff's ADA claim and likely to develop from a reasonable investigation of the original complaint. In particular, Plaintiff's allegation that she sought "minor schedule adjustments" due to an illness constitutes an invocation of rights at the very heart of the ADA's requirement that employers offer reasonable accommodations. Even the most nascent investigation of Plaintiff's allegations would have revealed that she was terminated after requesting this accommodation. And furthermore, because Plaintiff's ADA claim centers on her

4

allegation of severe morning sickness—and only on that allegation—Defendant was sufficiently placed on notice as to substance of the claim it might face in litigation.

Defendant contends that the courts' holdings in *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), *abrogated on other grounds by Fort Bend Cty.*, 139 S. Ct. at 1849, and *Penaloza v. Target Corp.*, 549 Fed. Appx. 844, 849 n.2 (11th Cir. 2013) suggest a different result. Defendant's reliance on *Calvert* is misplaced. In *Calvert*, the Fourth Circuit held that the plaintiff failed to exhaust her race, sex, and age discrimination claims because the EEOC charge alleged only retaliation. *Calvert*, 551 F.3d at 301. But a bare allegation of retaliation does not place an employer on notice that it may face race, sex, or age discrimination claims, while pregnancy complications are routinely found to qualify as impairments under the ADA. *See, e.g., Wenzlaff v. NationsBank*, 94 F. Supp. 899, 890 (D. Md. 1996) (holding that pregnancy complications or conditions arising out of, but distinguishable from, the pregnancy may constitute an impairment under the ADA).

Defendant contends that the Eleventh Circuit held in *Penaloza* that morning sickness is not necessarily a disability; in fact, that court said nothing about morning sickness, but did explain that a "pregnancy-related impairment may be considered a disability if it substantially limits a major life activity." *Penaloza*, 549 Fed. Appx. at 849 n.2. In any case, the touchstone for the exhaustion requirement before the Court is whether plaintiff's administrative and judicial claims are reasonably related. *Sydnor*, 681 F.3d at 595.

Finally, in a supplemental brief filed with the Court, Defendant submits an Intake Questionnaire Plaintiff completed before the EEOC Charge was prepared. ECF No. 14. On that questionnaire, Plaintiff crossed out the questions related to claims of discrimination based on disability. *Id*. Even assuming it is proper to consider these supplemental arguments at this stage

of the litigation, Defendant cites to no authority holding that Plaintiff's subjective intentions are relevant to the exhaustion of her administrative remedies. Plaintiff alleged that Defendant refused to accommodate her severe morning sickness by making minor schedule adjustments, so her EEOC Charge is reasonably related to a claim for disability discrimination under the ADA.

## IV. CONCLUSION

Defendant's Motion to Dismiss, ECF No. 8, is DENIED. A separate Order shall follow.


Dated: August 9, 2019 /s/
GEORGE J. HAZEL
United States District Judge